UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1  AZIZ MIAH SARDAR,
     aka Abdul Ali Shordar,
     aka Arju M. Shordar,
     aka Mohammed Aziz Miah Sardar,

        Defendant.
_____/

Case:2:17-cr-20794
Judge: Murphy, Stephen J.
MJ: Grand, David R.
Filed: 11-27-2017 At 02:27 PM
INFO USA v. SARDAR (SO)

VIO: 18 U.S.C. §1425(a)

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### GENERAL ALLEGATIONS

1)    The defendant AZIZ MIAH SARDAR, was a citizen and national of Bangladesh prior to becoming a citizen of the United States of America.

2)    On or about September 2, 1994, AZIZ MIAH SARDAR, then using the name Abdul Ali Shordar, was arrested when he illegally entered the United States with a false Bangladesh passport. On or about September 14, 1994, AZIZ MIAH

1

SARDAR, then using the name Abdul Ali Shordar, applied for asylum in the United States of America, and thereafter conceded that he was deportable, but sought to stay in the United States by seeking political asylum and to withhold deportation.

3) On or about September 3, 1996, the United States Immigration Court conducted a deportation hearing wherein AZIZ MIAH SARDAR, then using the name Abdul Ali Shordar, testified, among other things, that he held the prominent position of "Organizing Secretary" in the political "Jatiyo Party" in Bangladesh prior to coming to the United States and acknowledged that he illegally entered the United States with a false passport. The United States Immigration Court denied his asylum application, but allowed him to voluntarily leave the United States. The Immigration Judge ordered that AZIZ MIAH SARDAR, then using the name Abdul Ali Shordar, had to leave the United States before December 3, 1996.[1]

4) Prior to November 12, 1996, AZIZ MIAH SARDAR, using a new identity – Arju M. Shordar, was able to obtain a United States immigrant Visa under his new identity. On or about November 12, 1996, AZIZ MIAH SARDAR, using his new identity of Arju M. Shordar, petitioned the United States to be a permanent resident. On or about July 21, 1997, relying upon the omissions and false statements contained in the petition, the United States approved the request.

---

[1] Fingerprint analysis has verified that AZIZ MIAH SARDAR is Abdul Ali Shordar.

5) On or about March 10, 2010, AZIZ MIAH SARDAR, then using the identity of Arju M. Shordar, completed and signed a naturalization application to become a United States citizen (Form N-400). Above his signature, the following certification appeared:

> I certify, under penalty of perjury under the laws of the United States of America, that this application, and the evidence submitted with it, are all true and correct.

6) Under United States law, in order to be eligible for naturalization, an applicant must establish to the satisfaction of the United States Citizenship and Immigration Services that he or she has been lawfully admitted as a permanent resident of the United States. Thus, an applicant who acquired permanent resident status through fraud or misrepresentation, or who was otherwise not lawfully entitled to such status when it was accorded, has never been "lawfully admitted for permanent residence," and may not become a United States citizen.

7) Under United States law, in order to be eligible for naturalization, an otherwise qualified applicant must establish to the satisfaction of the United States Citizenship and Immigration Services that for at least the five years leading up to applying for naturalization, the person "has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States."

8) In making the determination of whether an applicant for naturalization has demonstrated good moral character, the United States Citizenship and Immigration Services "is not limited to the applicant's conduct during the five years preceding the filing of the petition, but may take into consideration as a basis for such determination the applicant's conduct and acts at any time prior to that period."

9) By law, various acts must be considered by United States Citizenship and Immigration Services in determining whether a person has good moral character. For example, relevant factors include whether the person has: used a different name or identity; given "false or misleading information … while applying for any immigration benefit or to prevent deportation, exclusion or removal"; been a member of an organization; committed a crime or offense for which they have not been arrested; been detained by law enforcement or immigration authorities; lied to gain entry or admission into the United States; been ordered removed, excluded or deported from the United States; or applied for any kind of relief from removal, exclusion, or deportation.

10) In order to provide the United States Citizenship and Immigration Services with information needed to make a determination of admissibility, the application for naturalization, Form N-400, Part 1, section C, requests information regarding the applicant's name.

11) Question Part 1, section C, of the naturalization application instructs the applicant to indicate:

> If you have **ever** used other names, provide them below.*

12) At the time, AZIZ MIAH SARDAR falsely answered "NONE" and failed to provide the name on the application.

13) In order to provide the United States Citizenship and Immigration Services with information needed to make a determination of admissibility, the application for naturalization, Form N-400, contains Part 10, section B, entitled "Affiliations."

14) Question 8 of the naturalization application asked the following:

> Have you **ever** been a member of or associated with any organization, association, fund, foundation, party, club, society, or similar group in the United States or in any other place?*

15) AZIZ MIAH SARDAR falsely checked the box marked "No."

16) At the time, AZIZ MIAH SARDAR falsely checked the box marked "No" and failed to provide the group names on the application.

17) In order to provide the United States Citizenship and Immigration Services with information needed to make a determination of, among other things, an applicant's good moral character, the application for naturalization, Form N-400,

---

* The question is quoted exactly as it appears on the naturalization form, with the word "ever" in bold.

contains Part 10, section D, entitled "Good Moral Character." The instructions for those questions state the following:

> For the purposes of this application, you must answer "Yes" to the following questions, if applicable, even if your records were sealed or otherwise cleared or if anyone, including a judge, law enforcement officer, or attorney, told you that you no longer have a record.

18) Each question relating to good moral character is material to the decision of whether or not any applicant, including AZIZ MIAH SARDAR, would be eligible for United States citizenship, that is, each answer had a natural tendency to influence the decision of the United States Citizenship and Immigration Services as to whether or not to grant citizenship.

19) Question 15 of the naturalization application asked the following:

> Have you **ever** committed a crime or offense for which you were not arrested?*

20) AZIZ MIAH SARDAR falsely checked the box marked "No."

21) Question 23 of the naturalization application asked the following:

> Have you **ever** given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?*

22) AZIZ MIAH SARDAR falsely checked the box marked "No."

23) Question 24 of the naturalization application asked the following:

> Have you **ever** lied to any U.S. Government official to gain entry or admission into the United States?*

24) AZIZ MIAH SARDAR falsely checked the box marked "No."

25) In order to provide the United States Citizenship and Immigration Services with information needed to make a determination of, among other things, an applicant's good moral character and admissibility, the application for naturalization, Form N-400, contains Part 10, section E, entitled "Removal, Exclusion, and Deportation Proceedings"

26) Question 27 of the naturalization application asked the following:

> Have you **ever** been ordered to be removed, excluded, or deported from the United States?*

27) AZIZ MIAH SARDAR falsely checked the box marked "No."

28) Question 28 of the naturalization application asked the following:

> Have you **ever** applied for any kind of relief from removal, exclusion, or deportation from the United States?*

29) AZIZ MIAH SARDAR falsely checked the box marked "No."

30) On or about June 22, 2010, AZIZ MIAH SARDAR, then using the identity of Arju M. Shordar, was interviewed by an agent of the United States regarding the answers he gave in his application to become a naturalized citizen of the United States. During that interview, the immigration officer reviewed with AZIZ MIAH SARDAR the answers he had provided on his naturalization application (Form N-400). AZIZ MIAH SARDAR made three corrections to his application. None of

those corrections involved the questions referenced in these General Allegations. Rather, while under oath, AZIZ MIAH SARDAR reaffirmed the lies stated in the General Allegations of this Information.

31) On or about June 22, 2010, AZIZ MIAH SARDAR, at the conclusion of his naturalization interview, again signed his naturalization application, falsely stating "I certify, under penalty of perjury under the laws of the United States of America, that this application, and the evidence submitted with it, are all true and correct." Relying upon the omissions and false statements contained in his naturalization application, and his omissions and false statements made during the interview, the United States improvidently approved his application to become a naturalized citizen.

32) On or about June 24, 2010, as part of the final application process to become a U.S. citizen, AZIZ MIAH SARDAR, then using the identity of Arju M. Shordar, completed and signed an application (Form N-445) and was interviewed by an agent of the United States regarding his answers. Above his signature, the following certification appeared:

> I certify that each of the answers shown above were made by me or at my direction, and that they are all true and correct as of the date of my naturalization oath ceremony.

33) In order to provide the United States Citizenship and Immigration Services with information needed to make a determination of, among other things, an

applicant's good moral character, the application for naturalization, Form N-445, contains question 3.

34) Question 3 of the naturalization application asked the following:

> Have you knowingly committed a crime or offense, for which you have not been arrested?

35) AZIZ MIAH SARDAR falsely checked the box marked "No."

36) Relying upon his omissions and false statements, he was allowed to take the oath to become a United States citizen and was sworn in as a United States citizen at a ceremony conducted by the United States District Court, Eastern District of Michigan.

37) Upon becoming a United States citizen, AZIZ MIAH SARDAR, then using the identity of Arju M Shordar, requested his name to be changed to Aziz Miah Shardar.

## COUNT ONE

(18 U.S.C. §1425 (a) - Naturalization Fraud)

AZIZ MIAH SARDAR,
    aka Abdul Ali Shordar,
    aka Arju M. Shordar,
    aka Mohammed Aziz Miah Sardar,

On or about March 10, 2010, within the Eastern District of Michigan, Southern Division, AZIZ MIAH SARDAR, also known as Abdul Ali Shordar, Arju Miah Shordar, and Mohammed Aziz Miah Sardar, knowingly procured his

9

naturalization as a United States citizen contrary to law, that is, he procured his citizenship despite him having made material false statements and omissions in Application for Naturalization (N-400) relating to his: A) use of another name; B) affiliations; C) criminal history, D) history of having made false statements for the purpose of receiving an immigration benefit, gaining entry and admission into the United States; as well as E) being ordered deported from the United States and his seeking relief from such deportation, to as set forth in the General Allegations, which are hereby incorporated by reference as if fully set forth herein, all in violation of Title 18, United States Code, Section 1425(a).

Respectfully submitted,

DANIEL L. LEMISCH
Acting United States Attorney

RONALD W. WATERSTREET
Assistant U.S. Attorney

Date: 11/27/2017

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cove** | Case:2:17-cr-20794<br>Judge: Murphy, Stephen J.<br>MJ: Grand, David R. |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to comple   Filed: 11-27-2017 At 02:27 PM
INFO USA v. SARDAR (SO)

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:** |

**Case Title:** USA v. Aziz Miah Sardar

**County where offense occurred:** Wayne County, MI

**Check One:**    ☒ Felony    ☐ Misdemeanor    ☐ Petty

____Indictment/____Information --- **no** prior complaint.
____Indictment/ ✓ Information --- based upon prior complaint [Case number: 16-mj-30440    ]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

November 27, 2017
Date

RONALD W. WATERSTREET
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9100
Fax: (313) 226-4678
E-Mail address: ronald.waterstreet@usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.